2:07 CV 632 - MEF

Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

2007 JUL 11  A 9: 25

| United States District Court | District    11th | |
|---|---|---|
| **Name** (under which you were convicted):  Joe Carroll Ziglar | | **Docket or Case No.:**  2:05-CR-0197-MEF ALA |
| **Place of Confinement:** Talladega F.C.I. | | **Prisoner No.:**  11780-002 |
| **UNITED STATES OF AMERICA** | **Movant** (include name under which you were convicted)  Joe Carroll Ziglar | |
| | v. | |

## MOTION

1.  **(a)** Name and location of court that entered the judgment of conviction you are challenging: _____
    United States Federal Court
    1 Church Street
    Montgomery, Al  36104

    **(b)** Criminal docket or case number (if you know): __unknown__

2.  **(a)** Date of the judgment of conviction (if you know): 1 8 December, 2006

    **(b)** Date of sentencing: 1 8 December, 2006

3.  Length of sentence: 180 Months

4.  Nature of crime (all counts): 1 Count - Felon in Possession of a weapon. This procedure was upgraded to 922(g), "Armed Career Criminal Act." Petitioner is unaware as to whether Grand Jury met over this enhancement. Seeking to Discover as part of Motion. "career offender" provision of § 851 enhancement may apply to Mr. Ziglar in this case.

5.  **(a)** What was your plea? (Check one)
    (1)  Not guilty ☐        (2)  Guilty ☒        (3)  Nolo contendere (no contest) ☐

    **(b)** If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____
    _____
    _____
    _____
    _____

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☒

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☐    No ☒

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: __N/A_____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ❑   No ❑

(2) Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: <u>Petitioner was unaware of procedures and</u> <u>therefore did not appeal. Insufficient assistance of</u> <u>counsel.</u>

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the **facts** supporting each ground.

**GROUND ONE:** <u>Insufficient assistance of Counsel. ( See</u> <u>Supporting Documentation listed on § 2255 Motion, pro-se )</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>Insufficient Assistance of Counsel ( See attached )</u>

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐   Did not appeal.

(2) If you did not raise this issue in your direct appeal, explain why: <u>N/A</u>

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Insufficient Assistance of Counsel. Petitioner was ill - advised to his own detrement that there were no avenues for relief. Petitioner learned of "downward departure" on his own review.

_____

**GROUND TWO:** Insufficient Assistance of Counsel. Petitioner was under influence of mental and physical medication

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Attorney Don Bethel, Senior Probation Officer Bernard Ross, as well as Officer Ross' Supervisor knew of said conditions and medications prescribed by Physcians.

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑   No ❑   N/A

    (2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner had no explanation given to him by Counsel that such medications could impair judgement to detrement of self.</u>

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑   No ❑   N/A

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

      Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

GROUND THREE: INSUFFICIENT ASSISTANCE OF COUNSEL

Supporting facts: From approximately 1988 until Sentencing, Petitioner has been on various types of medications to relieve mental disease and physical pain. At time of Sentencing, Petitioner feels that his understanding was inadequate and that a "reasonable" counsel would have properly advised the Court that Mr. Ziglar would have, as a necessity for sound judgement, discontinued medications that could have possibly interfered with his reasoning. See pg. 15 "Questions Presented."

No Direct Appeal was mentioned by Petitioner's Counsel.

Petitioner was under care of Licensed Practitioner(s) and was in fear of proceedings. As such, Petitioner answered (or at least at this time, feels that he may have answered questions incorrectly, even under fear of perjuring self.

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑  No ❑  N/A

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____

**GROUND FOUR:**  Indictment for Armed Career Career Act was unknown to Petitioner.  Insufficient Assistance of Counsel.

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**
Upon date of self-surrender for original indictment of "Felon in Possession of a Weapon", Petitioner was unaware of "ACCA" or whether, even if known, Grand Jury had convened to implicate Mr. Ziglar as an Armed Career Criminal or whether foreperson, chairperson. etc., had signed his/her signature to such. Petitioner lacked counsel entirely on this issue and does not know the legal procedures to which a previously shown indictment demanding a 60 month term in Federal Prison can become one of 180 months.

( 9 )

_____

_____

**(b)  Direct Appeal of Ground Four:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?**

        Yes ❑  No ❑   N/A

    (2) **If you did not raise this issue in your direct appeal, explain why:** ___First attempt to___

___correct errors by § 2255_____

_____

**(c)  Post-Conviction Proceedings:**

    (1) **Did you raise this issue in any post-conviction motion, petition, or application?**

        Yes ❑  No ❑

    (2) **If your answer to Question (c)(1) is "Yes," state:**

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) **Did you receive a hearing on your motion, petition, or application?**

        Yes ❑  No ❑

    (4) **Did you appeal from the denial of your motion, petition, or application?**

        Yes ❑  No ❑

    (5) **If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**

        Yes ❑  No ❑

    (6) **If your answer to Question (c)(4) is "Yes," state:**

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(10)

GROUND FIVE: Insufficient Counsel

(a) Supporting Facts:

At time of changing plea to guilty under advisement of counsel, Petitioner was told openly in Court and Petitioner requests that the record should state that he was offered a 10 year term of imprisonment by the Prosecution. Attorney Freeman of the Federal Defenders' Office that she would "get the sentence down to actually doing (3) years."

At this time, Petitioner would like to state that under penalty of perjury that his Fiance was standing directly behind him and will testify under sworn testimony to the fact.


Should Ms. Erin Mullins-Ivins be needed to swear in or sign documents, she may be reached at: Ms. Erin M. Ivins
P.O. Box 3722
Montgomery, Al.  36109

Physical address:

4108 Wares Ferry Road
Montgomery, Al. 36109

(11)

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Insufficient counsel. Petitioner was compelled to trust Attorney Freeman at this point in time. Petitioner has become aware that an Attorney cannot make such promises lawfully.

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Unknown Attorneys from Federal Defenders' Office.

(b) At arraignment and plea: Attorney Freeman (first name unknown- female with short, dark hair)

(c) At trial: Donald Bethel

(d) At sentencing: Donald Bethel

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALABAMA

ELEVENTH CIRCUIT


Joe Carroll Ziglar                          Case #
              v
United States of America
Respondant

                      MOTION TO VACATE, SET ASIDE, AND OR CORRECT
                         SENTENCE PURSUANT TO 28 U.S.C. § 2255


     Now Comes the Petitioner, Joe Carroll Ziglar, proceding
in the above captioned cause requesting this Honorable Court
to construe this pleading liberally pruruant to Haines v.
Kerner 404 U.S. 519 (1972), which states that the Courts have
an obligation to construe pleadings of a pro-se litigant liberally
and to afford them the opportunity and benefit of any doubt to
review the pleading more leniently than formal pleadings that
have been drafted by those who are formally trained in the law.

(12)

## JURISDICTION

Petitioner was sentenced on December 18th, 2006, therefore pursuant to Clay v. U.S., 537 U.S. 522 (2003), this motion is timely filed. This Honorable Court is also requested to grant an evidentiary hearing to establish the facts of Petitioner's claim to ineffective assistance of counsel and all facts concerning mitigating and medical circumstances.

## STATEMENT OF FACTS

Pursuant to arrest, on or about (date unknown), Petitioner was placed on house arrest and subject to drug screening. Senior Probation Officer Bernard Ross supervising.

On or about (date unknown), an indictment was filed against Petitioner with an original charge of "Felon in Possession of a Weapon." However, after Petitioner was shown said indictment with sentencing term of 5 years, paperwork was changed and Petitioner was given a 15 year sentence indictment to sign.

A plea of not guilty was entered on this count at the advice of counsel, and Petitioner was released and appointed formal counsel by the Federal Defenders' office. Attorney Donald Bethel was to represent Mr. Ziglar.

On or about 18 December, 2006, Petitioner was sentenced to a term of 180 months under the Armed Career Criminal Act. Petitioner was also given a 5 year term of supervised release after completion of sentence. No restitution is relevent in this case.

## QUESTIONS PRESENTED

Was counsel ineffective for allowing Petitioner to plead to any charge under influence of medications? Was Counsel and/or Probation Officers aware of Plaintiff's medical conditions?

## STANDARD OF REVIEW

Strickland v. Washington 466 U.S. 688, 104 S. Ct. 2052, 80 Led. 2d 674 (1984), the Supreme Court established a two-pronged test for determining whether the Petitioner had received ineffective assistance of counsel. First, a Petitioner must prove that counsel's, or counsels' in this particular case, performance was deficient, which requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Id. at 687.

Secondly, a Petitioner must show that counsel's deficient performance prejudiced the Petitioner. A Petitioner may establish prejudice by showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

## ARGUMENT

Counsel was ineffective for not pursuing Petitioner's request for a lesser sentence (downward departure) as an avenue of relief. Petitioner claims lack of mental stability due to prior and known existing conditions.

No drug or alcohol treatment programs were instituted or recommended while incarcerated.

Petitioner was then given the opportunity to speak on his own behalf before sentence was delivered and admitted to guilt - meaning that he understood that it was unlawful for a prior felon to be in posession of a weapon. Petitioner did not argue sentencing at this time due to factors involving medication for mental disease, comprehension of questions asked, and simply trusting counsel. Petitioner wishes to add that his memory of said events was vague at best. Also, Petitioner states that he was taking prescribed medications for pain management (that counsel knew of) and this also could have altered judgement. That fact is still uncertain by Petitioner.

At this time, Petitioner wishes to state for the record that Senior Probation Officer Bernard Ross (not present at Sentencing), Mr. Ross' Supervisor, and Attorney Donald Bethel knew of all medications Petitioner had been prescribed and should have reasonably been able to make sound judgement for Petitioner as he cannot attest to his own coherency at the time.

Court documents were signed by Petitioner out of ignorance and/ or fear than out of understanding.

FOR THE RECORD: After Sentencing, Petitioner was arrested and taken to the Montgomery Municipal Jail, placed in the Medical Cell, and then prescribed for by Practioner on call.

(16)

## ARGUMENT

The conduct of Petitioner's counsel in the instant case was no less ineffective where Petitioner had met with multiple Probation Officers over the course of time and Attorney Donald Bethel did in fact know of Petitioner's medical conditions as they were plainly evident.

Attorney Donald Bethel advised Petitioner that a trial or any type of appeal would be fruitless and serve as no relief for Petitioner. Attorney Bethel also mentioned further to Mr. Ziglar that he had personally spoken with "everyone" in his law firm and that they concurred with his reasoning.

As the 7th Circuit has explained: "There is no meaningful distinction between a lawyer who fails to file any appeal at all, and one who files the appeal but then takes no action to prosecute that appeal, ignores court orders, and ultimately advises his client to dismiss the appeal and instead to file a non-existent motion. In either case, the defendant has been denied the opportunity to have a lawyer represent him on direct appeal." See Fern v. Gramley, 99 F. 3d 255, 259 (7th Cir. 1996).

ADDENDUM: While speaking to Attorney Don Bethel prior to Sentencing, Petitioner was told that the Prosecution had "No right" to offer a lesser Sentence of 10 years after pleading guilty. Therefore, Petitioner felt abandoned by his own Counsel. It was then only a lose - lose situation.

PETITIONER BEGS YOUR HONOR FOR NEW COUNSEL OUTSIDE OF FEDERAL DEFENDERS' OFFICE.

## ARGUMENT

Petitioner is unaware as to whether Grand Jury convened on the count of Armed Career Criminal or if it was introduced after the fact. Was attorney responsible for explaining to Petitioner the lawful procedures as they were occurring?

## FINAL ARGUMENT

First, Petitioner is not asking this Honorable Court to trust prior experience with cases involving persons with mental disease or their representation. Petitioner is only seeking to weigh all evidence at bar which should have been presented.

Second, if what this evidence points to is true - that is, if all these lines of evidence really do point to "Insufficient Assistance of Counsel" - the evidence itself begs for an evidentiary hearing and Petitioner requests such in this pro-se Motion.

Thirdly, Attorney Freeman, who Petitioner understands to be the Supervisory Attorney at the Federal Defenders' Office, met with Mr. Ziglar and fiancee, Ms. Erin Ivins, after being advised to plead guilty, and said that Petitioner's Sentence would range between 2 - 3 years.

PETITIONER AND WITNESS WILL BOTH SIGN AN AFFIDAVIT ATTESTING TO THE FACT UNLESS THIS HONORABLE COURT BELIEVES THAT A CERTAIN AMOUNT OF BIAS MAY EXIST OR THAT THIS EVIDENCE IS INADMISSABLE.

( 18 )

## CONCLUSION

In the instant case at bar, Petitioner's lawyer abandoned him prior to and at sentencing when he clearly had knowledge of defendant's mental/medical conditions. Petitioner prays this Court may not assume a lack of prejudice. Due to Petitioner being in Custody in violation of the Constitution of the United States of America, this Petitioner also prays this Honorable Court to reinstate his direct appeal rights.

In the alternative, grant an evidentiary hearing where there will be produced legal medical records, documentations of examinations ad infinitum in support of Petitioner's claim, and to further establish the record.

Dated this _6 - 7_ day in
the _2007_ Year of Our Lord.

Respectfully submitted,

_Joe C. Taylor_

## CERTIFICATE OF SERVICE

I, _Joe C. Zigler_ , do hereby certify that under penalty of perjury
(28 USC § 1746), that I have served a true and correct copy of the
following document(s):


1. The Original and Two (2) Copies of this § 2255 Motion
It is my understanding that one copy is for a stamped return copy.


Which, pursuant to <u>Houston v Lack</u> 487 U.S. 266, 101 L. Ed. 2d 245,
108 S. Ct. 2379 (1988), is deemed filed at this time and it was
delivered to Prison Authorities for forwarding to the Court and
Service upon parties to litigation and/or their attorney(s) of
record.


I have placed the material referred above in a properly sealed
envelope with first-class postage (stamps) affixed and I have
addressed it to:


UNITED STATES FEDERAL COURTHOUSE
1 CHURCH STREET
MONTGOMERY, ALABAMA  36104


and deposited said envelope in the United States Postal Service
via the legal mailbox here at the U.S. Federal Correctional
Institution, Talladega, Al. on this ___6th___ day of ___July___
2007.


(20)

REGISTRATION NUMBER:  11780-002

Talladega Federal Correctional Institution

PMB 1000

Talladega, Al.  35160

Therefore, movant asks that the Court grant the following relief: <u>Petitioner is seeking</u>
<u>this Honorable Court's reinstatement of direct appellate</u>
<u>rights and/or grant an evidentiary hearing for just cause</u>
or any other relief to which movant may be entitled.

pro-se
_____
**Signature of Attorney (if any)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___7-6-___
___2007___ (month, date, year).

Executed (signed) on ___7-6-07.___ (date).

Joe C. Zylon
_____
**Signature of Movant**

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____

_____

**IN FORMA PAUPERIS DECLARATION**
Eleventh Circuit - Montgomery, Alabama
**[Insert appropriate court]**
* * * * *

(22)

Joe C. Ziglar
Talladega Federal Correctional
  Institution
PMB 1000
Talladega, Al.   35160

Registration # 11780-002



RECEIVED
JUL - 7 2007
FCI TDG

The enclosed letter was processed through
special mailing procedures for forwarding to you. The
letter has neither been opened nor inspected.
If the writer raises a question or problem over
which this facility has jurisdiction, you may wish
to return the material for further information or
clarification. If the writer encloses correspondence
for forwarding to another addressee, please return
the enclosure to the above address.

DATE _____

U.S. Federal Courthouse
1 Church Street
Montgomery, Al.   36104

Attn: Clerk of the Court/
      Honorable Judge Coogler

2:07cv632-MEF CLOSED, KG

# U.S. District Court
## Alabama Middle District (Montgomery)
## CRIMINAL DOCKET FOR CASE #: 2:05-cr-00197-LSC-SRW-ALL
## Internal Use Only

---

Case title: USA v. Ziglar                    Date Filed: 09/08/2005

---

Assigned to: Honorable L. Scott
Coogler
Referred to: Honorable Susan Russ
Walker

**Defendant**

**Joe Carroll Ziglar** (1)                    represented by    **Federal Defender**
*TERMINATED: 12/19/2006*                                        Federal Defenders
*also known as*                                                 Middle District of Alabama
Joe Carroll Zeigler (1)                                         201 Monroe Street, Suite 1960
*TERMINATED: 12/19/2006*                                        Montgomery, AL 36104
                                                                334-834-2099
                                                                Fax: 834-0353
                                                                Email: ECFCMALM@fd.org
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Designation: Public Defender or*
                                                                *Community Defender Appointment*

                                                                **Donnie Wayne Bethel**
                                                                Federal Defenders
                                                                201 Monroe Street
                                                                Suite 407
                                                                Montgomery, AL 36104
                                                                334-834-2099
                                                                Fax: 834-0358
                                                                Email: don_bethel@fd.org
                                                                *ATTORNEY TO BE NOTICED*

**Pending Counts**                              **Disposition**

18:922(g)(1); UNLAWFUL
TRANSPORT OF FIREARMS, ETC.;
NMT $250,000 [*]; NLT 15Y, NMT          180 Mos Imp; 60 Mos Sup Rel; $100
Life or B; NMT 5Y SUP REL; $100         SA
SA; G-LINES; VWPA; FORFEITURE

## ALLEGATION
(1)

### Highest Offense Level (Opening)
Felony

### Terminated Counts                      Disposition
None

### Highest Offense Level (Terminated)
None

### Complaints                             Disposition
None

---

### Plaintiff

**USA**                          represented by  **John T. Harmon**
U.S. Attorneys Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 334-223-7560
Email: john.harmon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tommie Brown Hardwick**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 334-223-7135
Email: tommie.hardwick@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/08/2005 | 1 | INDICTMENT as to Joe Carroll Zeigler (1) count(s) 1. (kcg, ) Additional attachment(s) added on 12/21/2006 (kcg, ). (Entered: 09/13/2005) |

| 09/08/2005 | 2 | Limits of Punishment as to Joe Carroll Zeigler: (kcg, ) (Entered: 09/13/2005) |
|---|---|---|
| 09/13/2005 | 3 | WARRANT Issued as to Joe Carroll Zeigler. (kcg, ) (Entered: 09/13/2005) |
| 09/16/2005 | | Case unsealed as to Joe Carroll Zeigler per notice of arrest by USMS. (kcg, ) (Entered: 09/16/2005) |
| 09/16/2005 | | Arrest of Joe Carroll Zeigler (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | 4 | CJA 23 Financial Affidavit by Joe Carroll Zeigler (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | | ORAL MOTION to Appoint Counsel by Joe Carroll Zeigler. (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | | ORDER (ORAL)granting Oral Motion to Appoint Counsel: Federal Defender appointed as to Joe Carroll Zeigler (1). Signed by Judge Susan Russ Walker on 9/16/05. (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | 5 | Non-Surety Bond Entered as to Joe Carroll Zeigler in amount of $ 25,000.00, (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | 6 | ORDER Setting Conditions of Release as to Joe Carroll Zeigler (1) $25,000.00 non-surety . Signed by Judge Susan Russ Walker on 9/16/05. (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | 7 | WAIVER of Speedy Trial by Joe Carroll Zeigler (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | 8 | Minute Entry for proceedings held before Judge Susan Russ Walker :Arraignment as to Joe Carroll Zeigler (1) Count 1 held on 9/16/2005, Initial Appearance as to Joe Carroll Zeigler held on 9/16/2005, Plea entered by Joe Carroll Zeigler (1) Not Guilty on counts 1. (Recording Time 2:50 - 2:59.) (jct, ) (Entered: 09/16/2005) |
| 09/16/2005 | 11 | Arrest Warrant Returned Executed in case as to Joe Carroll Zeigler. Defendant arrested on 9/16/05. (kcg, ) (Entered: 09/20/2005) |
| 09/19/2005 | 9 | ORDER ON ARRAIGNMENT TO INCLUDE ORDER TO CONTINUE - Ends of Justice as to Joe Carroll Zeigler. Pretrial Conference set for 10/17/2005 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Jury Trial set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Pretrial Motions due by 10/15/2005. Response to Motion due by 10/27/2005. Discovery due by 9/30/2005. Signed by Judge Susan Russ Walker on 9/19/05. (kcg, ) (Entered: 09/20/2005) |
| 09/20/2005 | 10 | NOTICE OF ATTORNEY APPEARANCE: Donnie Wayne Bethel appearing for Joe Carroll Zeigler (Bethel, Donnie) (Entered: 09/20/2005) |
| 10/17/2005 | 12 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Joe Carroll Zeigler held on 10/17/2005 (Recording Time 3:52 - 3:53.) (jct, ) (Entered: 10/18/2005) |

| 10/18/2005 | ⊚13 | PRETRIAL CONFERENCE ORDER as to Joe Carroll Zeigler Jury Selection set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Jury Trial (which is expected to last 1 day) is set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Second Pretrial Conference set for 1/20/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Voir Dire due by 2/6/2006; Proposed Jury Instructions due by 2/6/2006; Motions in Limine due by 2/6/2006; Plea Agreement due by 2/6/2006. Signed by Judge Susan Russ Walker on 10/18/05. (kcg, ) (Entered: 10/18/2005) |
|---|---|---|
| 12/08/2005 | ⊚ | Case as to Joe Carroll Zeigler Reassigned to Judge L. Scott Coogler. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 12/08/2005) |
| 12/08/2005 | ⊚ | UPDATE TRIAL DEADLINES as to Joe Carroll Zeigler: Jury Selection and Trial set for 2/13/2006 10:00 AM in Courtroom 2D before Honorable L. Scott Coogler. (kcg, ) (Entered: 12/12/2005) |
| 12/08/2005 | | ***Set/Clear Flags as to Joe Carroll Zeigler (ws, ) (Entered: 07/10/2006) |
| 01/20/2006 | ⊚14 | NOTICE OF INTENT TO CHANGE PLEA by Joe Carroll Zeigler (Bethel, Donnie) (Entered: 01/20/2006) |
| 01/20/2006 | ⊚15 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Joe Carroll Zeigler held on 1/20/2006 (Recording Time 3:16 - 3:17.) (jct, ) (Entered: 01/20/2006) |
| 01/23/2006 | ⊚16 | ORDER as to Joe Carroll Zeigler Change of Plea Hearing set for 1/27/2006 02:00 PM in Courtroom 5B before Honorable Susan Russ Walker; directing Clerk to provide a court reporter for this proceedings; directing U. S. Marshal to produce the defendant for this proceeding if defendant is in custody. Signed by Judge Susan Russ Walker on 1/23/06. (jct, ) (Entered: 01/23/2006) |
| 01/27/2006 | ⊚17 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Joe Carroll Zeigler (jct, ) (Entered: 01/27/2006) |
| 01/27/2006 | ⊚18 | ORDER that defendant be released and continued under the same conditions imposed by U. S. Magistrate Judge on September 16, 2005 as to Joe Carroll Zeigler . Signed by Judge Susan Russ Walker on 1/27/06. (jct, ) (Entered: 01/27/2006) |
| 01/27/2006 | ⊚ | ORAL ORDER accepting guilty plea and adjudicating defendant gulty as to count 1 of the Indictment as to Joe Carroll Zeigler . Signed by Judge Susan Russ Walker on 1/27/06. (jct, ) (Entered: 01/27/2006) |
| 01/27/2006 | ⊚19 | Minute Entry for proceedings held before Judge Susan Russ Walker :Change of Plea Hearing as to Joe Carroll Zeigler held on 1/27/2006, Plea entered by Joe Carroll Zeigler (1) Guilty Count 1. (Court Reporter Mitchell Reisner.) (jct, ) (Entered: 01/27/2006) |

| 02/06/2006 | 🌐20 | ORDER as to Joe Carroll Zeigler Sentencing is set for 5/30/2006 10:30 AM in Courtroom 2D before Honorable L. Scott Coogler, as further set out. Signed by Judge L. Scott Coogler on 2/6/06. (kcg, ) (Entered: 02/06/2006) |
| --- | --- | --- |
| 02/27/2006 | 🌐21 | MOTION for Hearing *Forfeiture Hearing* by USA as to Joe Carroll Zeigler. (Harmon, John) (Entered: 02/27/2006) |
| 03/02/2006 | 🌐 | TRANSCRIPT of Change of Plea Proceedings as to Joe Carroll Zeigler held on 1/27/06 before Judge Susan Russ Walker. Court Reporter: Mitchell Reisner. (kcg, ) (Entered: 03/02/2006) |
| 03/08/2006 | 🌐22 | MOTION for Forfeiture of Property *(Motion for Preliminary Order of Forfeiture)* by USA as to Joe Carroll Zeigler. (Attachments: # 1 Text of Proposed Order)(Harmon, John) (Entered: 03/08/2006) |
| 03/09/2006 | 🌐23 | PRELIMINARY ORDER OF FORFEITURE as to Joe Carroll Zeigler that in the Forfeiture Allegation of the Indictment in the above case, the United States sought forfeiture of specific property, and WHEREAS, Joe Carroll Zeigler consents to the forfeiture of specific property, IT IS HEREBY ORDERED THAT: As a result of the guilty plea on Count 1 of the Indictment, for which the Government sought forfeiture, the Defendant shall forfeit to the United States: all firearms and ammunition involved in the commission of the violation of Title 18 U.S. Code Section 922(g)(1). The Court has determined that the following firearm is subject to forfeiture; that the Defendant had an interest in such firearm; and that the United States has established the requisite nexus between such firearm and such offense: One Smith and Wesson, Model 1249,.38 Special Revolver, Serial Number 85080, as further set out. Signed by Judge L. Scott Coogler on 3/9/06. (kcg, ) (Entered: 03/09/2006) |
| 03/09/2006 | | ***Motions terminated as to Joe Carroll Zeigler: 22 MOTION for Forfeiture of Property *(Motion for Preliminary Order of Forfeiture)* filed by USA,. (kcg, ) (Entered: 03/28/2006) |
| 03/10/2006 | 🌐24 | STAMPED ORDER denying as moot 21 Motion for Forfeiture Hearing as to Joe Carroll Zeigler (1). Signed by Judge L. Scott Coogler on 3/10/06. (kcg, ) (Entered: 03/10/2006) |
| 04/04/2006 | 🌐25 | MOTION to Continue *Sentencing* by Joe Carroll Zeigler. (Bethel, Donnie) (Entered: 04/04/2006) |
| 04/17/2006 | 🌐26 | STAMPED ORDER as to Joe Carroll Zeigler GRANTING 25 MOTION to Continue *Sentencing* filed by Joe Carroll Zeigler. Sentencing set for 5/30/06 is RESET for 6/29/2006 02:45 PM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 4/17/06. (kcg, ) (Entered: 04/17/2006) |
| 06/09/2006 | 🌐27 | Second MOTION to Continue *Sentencing* by Joe Carroll Zeigler. (Bethel, Donnie) (Entered: 06/09/2006) |

| 06/22/2006 | ● 28 | STAMPED ORDER granting 27 Motion to Continue Sentencing as to Joe Carroll Zeigler (1). Signed by Judge L. Scott Coogler on 6/22/06. (kcg, ) (Entered: 06/22/2006) |
| 06/23/2006 | ● | Terminate Deadlines and Hearings as to Joe Carroll Zeigler: (kcg, ) (Entered: 06/23/2006) |
| 07/13/2006 | ● 29 | ORDER as to Joe Carroll Zeigler Sentencing is set for 8/31/2006 09:30 AM in Courtroom 2D before Honorable L. Scott Coogler.. Signed by Judge L. Scott Coogler on 7/13/06. (kcg, ) (Entered: 07/13/2006) |
| 08/07/2006 | ● 30 | Third MOTION to Continue *Sentencing* by Joe Carroll Zeigler. (Bethel, Donnie) (Entered: 08/07/2006) |
| 08/08/2006 | ● 31 | STAMPED ORDER as to Joe Carroll Zeigler GRANTING 30 Third MOTION to Continue *Sentencing* filed by Joe Carroll Zeigler. Sentencing set for 8/31/2006 is reset for 10/5/2006 11:00 AM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 8/8/06. (kcg, ) (Entered: 08/08/2006) |
| 10/17/2006 | ● 32 | ORDER as to Joe Carroll Zeigler Sentencing set for 10/5/2006 is continued to 12/18/2006 10:00 AM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 10/17/06. (kcg, ) (Entered: 10/17/2006) |
| 10/26/2006 | ● 33 | Process Receipt and Return of Preliminary Order of Forfeiture as to Joe Carroll Zeigler on 10/23/06. (kcg, ) (Entered: 11/01/2006) |
| 11/03/2006 | ● 34 | Petition for Warrant for Offender under Pretrial Supervised Release for Joe Carroll Zeigler (1) by USPO as to Joe Carroll Zeigler. (kcg, ) (Entered: 11/03/2006) |
| 11/06/2006 | ● 35 | ORDER directing issuance of warrant for offender re 34 Petition for Revocation of Supervised Release as to Joe Carroll Zeigler (1). Signed by Judge Susan Russ Walker on 11/6/06. (kcg, ) (Entered: 11/06/2006) |
| 11/06/2006 | ● | Received notice from USMS of a detainer being placed with Montgomery City Jail as to Joe Carroll Zeigler. (kcg, ) (Entered: 11/08/2006) |
| 11/29/2006 | ● 37 | MOTION to Add Publication Dates to Record by USA as to Joe Carroll Zeigler. (Attachments: # 1 Published Notice of Criminal Forfeiture)(Harmon, John) (Entered: 11/29/2006) |
| 11/30/2006 | ● 38 | STAMPED ORDER granting 37 Motion to Add Publication Dates to Record as to Joe Carroll Zeigler (1). Signed by Judge L. Scott Coogler on 11/30/06. (kcg, ) (Entered: 11/30/2006) |
| 12/18/2006 | ● 39 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Joe Carroll Zeigler. (Attachments: # 1)(Hardwick, Tommie) (Entered: 12/18/2006) |
| 12/18/2006 | ● 40 | ORDER granting 39 Motion for Writ of Habeas Corpus ad prosequendum as to Joe Carroll Zeigler (1). Signed by Judge Susan Russ Walker on |

| | | 12/18/06. (snc) (Entered: 12/18/2006) |
|---|---|---|
| 12/18/2006 | 🔵41 | Writ of Habeas Corpus ad Prosequendum Issued as to Joe Carroll Zeigler for 12/18/06 appearance for sentencing before Judge L Scott Coogler (snc) (Entered: 12/18/2006) |
| 12/18/2006 | 🔵42 | MOTION to Amend/Correct by USA as to Joe Carroll Zeigler. (Hardwick, Tommie) (Entered: 12/18/2006) |
| 12/18/2006 | 🔵44 | Minute Entry for proceedings held before Judge L. Scott Coogler :Sentencing held on 12/18/2006 as to Joe Carroll Zeigler (1)(Court Reporter James R. Dickens.) (Attachments: # 1 Defendant Exhibit List# 2 Government Exhibit List) [exhibits maintained w/file in separate binder].(kcg, ) (Entered: 12/21/2006) |
| 12/18/2006 | 🔵 | ORAL ORDER as to Joe Carroll Zeigler DISMISSING 34 Petition for Revocation of Supervised Release for Joe Carroll Zeigler (1) on counts Count 1 SEALED MOTION filed by USA. Signed by Judge L. Scott Coogler on 12/18/06. (kcg, ) (Entered: 12/21/2006) |
| 12/19/2006 | 🔵46 | JUDGMENT as to Joe Carroll Ziglar (1), Count(s) 1, 180 Mos Imp; 60 Mos Sup Rel; $100 SA . Signed by Judge L. Scott Coogler on 12/19/06. (kcg, ) (Entered: 12/21/2006) |
| 12/19/2006 | | ***Case Terminated as to Joe Carroll Ziglar (kcg, ) (Entered: 12/21/2006) |
| 12/21/2006 | 🔵43 | MOTION for Forfeiture of Property *(Motion for a Final Order of Forfeiture)* by USA as to Joe Carroll Zeigler. (Attachments: # 1 Text of Proposed Order)(Harmon, John) (Entered: 12/21/2006) |
| 12/21/2006 | 🔵45 | STAMPED ORDER granting 42 Motion to Amend/Correct as to Joe Carroll Zeigler (1). Signed by Judge L. Scott Coogler on 12/21/06. (kcg, ) (Entered: 12/21/2006) |
| 12/21/2006 | 🔵47 | FINAL ORDER OF FORFEITURE as to Joe Carroll Ziglar. NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED: The following firearm is hereby forfeited to the United States pursuant to Title 18, U.S. Code, Section 924 and Title 28, U.S. Code, Section 2461(c): One Smith and Wesson, Model 1249,.38 Special Revolver, Serial Number 85080, as further set out . Signed by Judge L. Scott Coogler on 12/21/06. (kcg, ) (Entered: 12/21/2006) |
| 12/21/2006 | | ***Motions terminated as to Joe Carroll Ziglar: 43 MOTION for Forfeiture of Property *(Motion for a Final Order of Forfeiture)* filed by USA per order entered on 12/21/06. (kcg, ) (Entered: 12/21/2006) |
| 12/22/2006 | 🔵48 | Arrest Warrant Returned Unexecuted in case as to Joe Carroll Ziglar. (kcg, ) (Entered: 01/04/2007) |
| 03/28/2007 | 🔵49 | Pro Se Letter Motion to Appoint New Counsel by Joe Carroll Ziglar. (kcg, ) (Entered: 05/25/2007) |

Case 2:07-cv-00632-MEF-SRW    Document 1-2    Filed 07/11/2007    Page 8 of 8

| 05/25/2007 | ⊙50 | ORDER denying 49 Pro Se Letter Motion to Appoint New Counsel as to Joe Carroll Ziglar (1). The record in this case reflects that this case is closed and there is nothing pending for which defendant needs counsel. Therefore, defendant's request that court-appointed counsel be removed is MOOT and his request that new counsel be appointed is hereby DENIED. Signed by Judge L. Scott Coogler on 5/25/07. (kcg, ) (Entered: 05/25/2007) |
|---|---|---|
| 07/05/2007 | ⊙51 | Judgment Returned Executed as to Joe Carroll Ziglar on 5/29/07. (kcg, ) (Entered: 07/09/2007) |

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama

UNITED STATES OF AMERICA

*2:07cv632- MEF*

v.

Case Number 2:05-CR-0197-LSC

JOE CARROLL ZIGLAR a/k/a Joe Carroll Zeigler
Defendant.

USM Number  11780-002

### JUDGMENT IN A CRIMINAL CASE
#### (For Offenses Committed On or After November 1, 1987)

The defendant, JOE CARROLL ZIGLAR a/k/a Joe Carroll Zeigler, was represented by Donnie Wayne Bethel.

The defendant pleaded guilty to count 1.  Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 18 USC 922(g)(1) | Felon in Possession of a Firearm | 1 |

As pronounced on December 18, 2006, the defendant is sentenced as provided in pages 2 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately, payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. Box 711, Montgomery, AL 36104.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 19th day of December 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant:   JOE CARROLL ZIGLAR a/k/a Joe Carroll Zeigler
Case Number:  2:05-CR-0197-LSC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED EIGHTY (180) months as to Count 1.

The Court recommends to the Bureau of Prisons that the defendant be housed as close as possible to his family in Montgomery, AL.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By    _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant:  JOE CARROLL ZIGLAR a/k/a Joe Carroll Zeigler
Case Number:  2:05-CR-0197-LSC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 60 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐　　The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

✔　　The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

✔　　The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐　　The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer.  (Check, if applicable.)

☐　　The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)　　the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)　　the defendant shall support his or her dependents and meet other family responsibilities;

5)　　the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)　　the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)　　the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)　　the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Defendant:   JOE CARROLL ZIGLAR a/k/a Joe Carroll Zeigler
Case Number: 2:05-CR-0197-LSC

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 5

Defendant:   JOE CARROLL ZIGLAR a/k/a Joe Carroll Zeigler
Case Number:  2:05-CR-0197-LSC

**SPECIAL CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this court.
2) The defendant shall cooperate in the collection of DNA as directed by the probation officer.
3) The defendant shall participate in mental health treatment, under the administrative supervision of the probation office, and shall contribute to the cost of any treatment based on his ability to pay and availability of third party payments.
4) The defendant shall submit to drug testing as directed by the probation officer.