2:07CV632-MEF

From: Joe Carroll Ziglar  # 11780-002

To: Office of the Clerk
    Honorable Judge Coogler's Court

Re: Admission of Newly Discovered Materials in which Petitioner has become aware of as of this date.

RECEIVED
2007 JUL 12 A 10:55

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

(Please see Motion § 2255 which has or will arrive at your Office as it was sent Legal Mail on Monday, July 9th, 2007. As stated in afore mentioned paperwork, this submission is timely filed.

Petitioner only wishes to include <u>Addendums</u> for the Honorable Judge to review.

As I am forced to present this Motion "pro-se", I beg your forgiveness if there are errors that need to be corrected.

Petitioner, _Joe C. Z_, states that under penalty of perjury that all statements are true and correct to the best of his knowledge.

Respectfully Submitted,

_Joe C. Z_
Joe Carroll Ziglar

<u>ADDENDUM TO § 2255 MOTION</u>

GROUND SIX: Insufficient Assistance of Counsel

(a) Supporting Facts:

"A Defendant has the Right to Due Process and to be Sentenced Only on the basis of accurate information. The district Courts of Alabama (provide?) for a pre-trial PSI Conference that Petitioner was unaware of. Had Defendant met with Probation Officer responsible for PSI, Defending Counsel, and U.S. Attorney, the fact whould have been plainly evident that Petitioner was suffering from extreme paranoia and U.S. Attorney would have Discovered that Petitioner had in fact been under Psychiatric care for almost twenty (20) years. This instance further biased Petitioner as to whether Defense Counsel and PSI Officer were trying to undermine the statutory purposes of Sentencing guidelines by only presenting Government evidence that outweighed non-disclosed, Veteran Hospital Records, Mental Health Records from Montgomery Area Mental Health Services, Jackson Hospital psychiatric records, etc..

Petitioner would like to further state for the Record that there are <u>more</u> records than these which should have been presented to ensure Sentencing Judge had all of the facts <u>Prior</u> to sentencing and this could have greatly affected the outcome of Sentencing Process.

Reason for Not Appealing within 10 day "grace" period - Petitioner was under influence of medications which could not have been immediately discontinued due to the possibility of sudden seizure. This fact can be proven.

<u>ADDENDUM TO § 2255 MOTION</u>

GROUND SEVEN:   Insufficient Assistance of Counsel

(a) Supporting Facts:

The Honorable District Court's records from the Courtroom will show that Petitioner was immediately offered a Sentence of (10) years inprisonment by the <u>Prosecution</u>.

On <u>Callas v U.S.</u> 587 F. Supp 1390 (S.D.N.Y. 1984) Petitioner now recognizes that his own Counsel should have, at a minimum, advised him of the option to accept this offer by Prosecution at the moment it was offered. It has been established that the Prosecution has a "built-in" bias in each case, and if the Armed Career Criminal Act was to be used against Petitioner, what does this evidence presented to the Court assume? Either <u>Prosecution</u> was unaware of upcoming Enhancement Procedures or <u>Insufficient Assistance</u> of Counsel on the part of the Federal Defenders' Attorneys.


GROUND EIGHT:   Insufficient Assistance of Counsel

(a) Supporting Facts:

The Honorable Judge Coogler could not have been privy to the fact that Petitioner's Mental/Physical as well as his suffering from Alcoholism were mitigating factors in this case. Otherwise, the Court would have entered the stipulation that Petitioner complete Substance Abuse Programs while incarcerated whether it would entitle Petitioner for early release or not. Under <u>POLICY STATEMENT</u>, please see § 5D1.3(d)(4).

Petitioner is aware that drug or alcoholism dependence is NOT a reason for departure.

Reason why Petitioner did not appeal this decision at the instance.
Insufficient Assistance of Counsel: If Petitioner had known that the facts surrounding his arrest and subsequent indictment had not been fully disclosed to the Courts, I would have immediately filed for an appeal to gain Discovery, and in hind-sight, would have sought the assistance of physcian to reduce medications to be relatively coherent at trial and at previous pleading procedures.

Counsel did not advise Petitioner that he "appeared to be medicated", as an affidavit by Petitioner's fiancee - common law wife can and will attest to if this Honorable Court will grant her permission. She is fully aware that the Court cannot consider "biased opinions", yet Petitioner asks for this option if it is Constitutional.


As a request, Petitioner begs the Honorable Court to review these findings as soon as possible due to the Mental and Physical condition of Petitioner and Common - Law wife. Physical treatment for pain is almost to the point of being non-existent.

With such being said, Petitioner also begs the court to understand that mental help and physical help are desperately needed and are Provided by the FBOP.



Joe C. Ziglar #11780-002
Federal Correctional Institution
PMB 1000
Talladega, Alabama 35160

FCI TALLADEGA
565 East Renfroe Road
Talladega, Alabama 35160
DATE:

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the enclosure is for forwarding to another addressee, please return the enclosure to the above address.

RECEIVED
JUL -9 2007
FCI TDG

U.S. District Courthouse
1 Church Street
Montgomery, Alabama 36104
Office of the Clerk/
Judge Coogler