IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE CARROLL ZIGLAR, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv632-MEF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

### AFFIDAVIT OF DONNIE W. BETHEL

| | |
|---|---|
| STATE OF ALABAMA ) | |
| ) | |
| COUNTY OF MONTGOMERY ) | |

I, **DONNIE W. BETHEL**, being duly sworn, states as follows:

1.  I am currently employed by the office of the Federal Defender for the Middle District of Alabama. The Federal Defender was appointed to represent Petitioner on September 16, 2005. I filed my notice of appearance on behalf of Petitioner on September 20, 2005. I represented Petitioner from that date until he was sentenced on December 18, 2006. However, I was not present for Petitioner's change of plea hearing; my co-counsel, Ms. Christine Freeman, represented Petitioner at that hearing.

2.  On July 11, 2007, pursuant to 28 U.S.C. 2255, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence. Petitioner filed an Addendum to his Motion on

July 12, 2007. This affidavit is provided in response to this Court's Order, entered on July 12, 2007.

3. Although Petitioner raises eight grounds to support his allegation of ineffective assistance of counsel, his claims can properly be reduced to just two: 1) the prescription medications that he was taking and his mental state somehow impaired his ability to understand the proceedings against him, and 2) at his change of plea hearing the Court, the Prosecutor and Ms. Freeman somehow misadvised Petitioner that he may be subject to be sentenced as an armed career criminal. I will address the first issue, while I leave it to Ms. Freeman to address the second.

4. I was well aware of the prescription medications that Petitioner took, as we discussed them on multiple occasions. Further, I acquired and reviewed Petitioner's medical and mental health records. I was at times concerned about Petitioner's mental state. This concern did not grow out of any reservations I had as to whether Petitioner understood the proceedings against him or whether he was able to assist in his own defense, as I had none. My concern grew out of Petitioner's melancholy, despair and, at times, his suicidal ideations because of the prospect of being sentenced as an armed career criminal (we discussed extensively the prospect that Petitioner would be sentenced as an armed career criminal, and on many occasions).

5. Because of my concerns, I had Petitioner evaluated by a forensic psychologist, Dr. Catherine Boyer. She interviewed Petitioner on June 22, 2006. I asked Dr. Boyer to provide me with her expert opinion concerning Petitioner's general mental health status, his

competency to stand trial and his criminal responsibility. To assist in her evaluation, I provided Dr. Boyer with the following records: Petitioner's medical and mental health records, his criminal history, the indictment, and all discovery documents relevant to the offense with which Petitioner was charged.

6. On August 11, 2006, Dr. Boyer provided me with a detailed, seven-page report entitled, Forensic Psychological Evaluation. Dr. Boyer summarized her findings as follows: "Mr. Zeigler [sic] does have mental health issues, but based on his current presentation and mental health records, he has not been so impaired that his rational thinking capacity was seriously compromised, including his ability to generally understand wrongfulness and consequences and control his behavior."

7. At the sentencing hearing for Petitioner I was prepared to offer evidence of Petitioner's medical and mental health history to persuade the District Judge that Petitioner should be sentenced to the lowest possible sentence allowed by statute, which was 180 months. This became unnecessary, as, shortly into the hearing, the District Judge stated his intention to sentence Petitioner to the minimum, statutorily-authorized sentence, and then the District Judge did so.

Further, Affiant Saith Not.

DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49

STATE OF ALABAMA    )
                    )
COUNTY OF           )

Subscribed and sworn to before me on this the _1st_ day of _August_, 2007, at _Montgomery_, Alabama.

_Rosetta W. Grigg_
Notary Public in and for said
County, in said State

(SEAL)

My commission expires _11-06-07_

4

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:05-cr-197-LSC |
| ) | |
| JOE CARROLL ZEIGLER ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Brown Hardwick
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49