In The District Court of the United States

Joe Carroll Ziglar
    Petitioner

vs.

United States of America
    Respondent

2:07cv632-MEF

Civil Action No. 2:07cv482-MHT

## Ziglar's Response to U.S. Rebuttal Of § 2255 Motion

Comes Now Joe Carroll Ziglar, by and through Joe Carroll Ziglar, pro-se, and in compliance with this court's order responds to United States attorneys.

Pg. 6 on count 1 and 2  The record stands

On count 3 - Petitioner suffers from severe paranoia and has been treated for Bi-Polar Disorder/schizophrenia for 20 years.

On January 27, 2006, Ziglar entered a guilty plea to the indictment without a plea agreement. Petitioner claims that Defense never actively sought relief for him. Ziglar was placed under oath while under influence of psychotrophic and pain medications which Defense, Prosecution, and Probation Officers knew of.

Ziglar did inform the Court that he had "sat down in Mr. Bethel's office and fully discussed the charge." Petitioner states that memory is vague.

The Court further inquired whether anyone had made any promised or assurances to induce Ziglar to enter a guilty plea, to which Ziglar responded negatively. Petitioner introduces an affidavit by Ms. Erin Mullins-Ivins that she both saw and heard attorney Freeman do so.
(See attached AFFIDAVIT)

Petitioner is seeking discovery from Defense Counsel as to whether Veteran Hospital documentation was entered into evidence as well as:

1. Jackson Hospital Records
2. Montgomery Area Mental Health
3. Meadhaven (Baptist Hospital)
4. Flowers Hospital (Dothan, Al) - Suicide attempt

SCANNED
bmw 10/18 11:53

Ground 5.) Attorney Freeman stated that she would get a reduced sentence.
See Affidavit.

Ground 6.) Counsel did not appeal

pg. 9 states that Ziglar could have appealed his sentence on direct appeal if he believed his statutory minimum should have been less than 15 years. Petitioner was not capable as he is untrained in the law and was relying on Attorney Bethel to do so.

U.S. Attorneys state that Ziglar defaulted. Bethel made no mention of possible downward departure or 5K2 opportunity. Petitioner was prejudiced by Defense Counsels' failure to act upon this. Even attorney Freeman stated that Ziglar did not agree with the guideline ranges in Sentencing.

p. 10 States that Ziglar has failed to show that he was prejudiced by counsels' performance. Freeman states in her Affidavit that she had no knowledge of a ten year plea agreement.

Petitioner denies Prosecutions statement that this is all just a fabulation.

p. 12"Are you under the influence of any drug, medication, or alcoholic beverage of any kind?"
Ziglar responded in the negative for unknown reason, other that he was INDEED under the influence of medications and was trying to cooperate and avoid a longer sentence.

Both defense and prosecution knew that Ziglar was being prescribed for and urinalysis proved him to be on pain medication as well as sedatives.

Magistrate Judge found that Ziglar was "fully competent and capable of entering an informed plea." Neither Defense or Prosecution had honorably challenged this.

p.13 Bethel stated that he had "acquired and reviewed" Ziglar's medical and mental health records. Ziglar seeks to discover which and how many records were actually obtained and entered into evidence.

Dr. Boyer concluded that Ziglar DOES have mental health issues. She further stated that he was "CURRENTLY rational and understood the wrongfulness of actions and consequences. This begs the question as to his rationality at the time of offense.

Ziglar was told that sentencing guidelines are now <u>advisory</u> under a recent Supreme case, which allows sentencing judge to depart from the guidelines. Ziglar admits that he does not recall this statement and that Bethel never vigorously attempted this avenue for Ziglar.

Ziglar thought to have understood what was being said here at this instance and was also under the impression that past offenses run concurrently did not allow the Court to run them consecutively as he had served time and paid restitution. Double-Jeopardy is believed by Petitioner to apply to this case.

(Also see U.S. v Breckenridge (1996, CA4 VA) 93F. 3d, 132) Counting of Sentences in Related cases. 5 Breaking and Entering convictions were consolidated not just for sentencing but also for single jury trial were related under § 4A1.2. A Common Scheme or plan; defendant planned one crime that entailed commission of another.

A pre-sentence investigative report was prepared by the U.S. Probation Officer. Ziglar did not argue the fact that he was in violation for posession of a weapon. However, if Ziglar had understood that the PSR would further incriminate himself, he might not have answered questions that would be used against him Mr. Bethel was present and did not prepare Ziglar. Furthermore, Bethel did not offer ANY objections or advice. Petitioner was abandoned.

The Court began by asking defense counsel whether he and his client had at least 35 days to review PSR. Ziglar claims that he did not have in posession a copy of it. Petitioner alleges that his own counsel was using the statutory purposes of the guidelines in plain error. The PSR determines if Ziglar is legally titled an "Armed Career Criminal." Ziglar's criminal history is proven by only a 10 day history of theft and burglary III.

Petitioner wishes to state further that a comprehensive mental evaluation was not conducted in thirty minutes or even an hour. The Board of Prisons has prison/hospitals for this very cause.

Ziglar does assert a claim for diminished capacity consistent with his claims of mental and physical illness.

Prosecutions rebuttal contends that Ziglar didn't pursue appeal through Attorney Bethel and that he had seven months with which he could have done so himself.

Petitioner contends that Defense was inaffective for not immediately filing an appeal on his own in behalf of Ziglar.

Also, Petitioner wishes that the Court should recognize the cause of not filing within 7 month period of time. Five months incarceration in Montgomery Federal Annex and in Autauga County Metro Jail left Petitioner with no means to do so himself as there were no resources and no law library to go to except at the Federal Prison where he is currently residing.

CONCLUSION:

28 U.S.C. § 994(c)(1)-(7)

Congress authorized the Sentencing Commission to consider the relevance of an offender's age, education, vocational skills, mental and emotional condition, physical condition (including drug dependence, previousl employment record, family and community ties, role in the offense, criminal history, and dependence on criminal activity for a livlihood.

Petitioner has Social Security/Disability for that purpose.

The Supreme Court expressly disapproved of rigid and mechanical concepts in Sentencing that urnecessarily restrict judicial discression. The Court duly affirmed the prevailing view that the past life or particularities of a career offender's should be taken into due consideration as to a particular sentence applicable to individual defendants.

p. 16   A LIMITED HEARING IS APPROPRIATE IN THIS MATTER

The United States believes that a limited hearing should be conducted on the issue of whether Defense counsel was INEFFECTIVE for failing to file an appeal in this case.

However, Petitioner also pleads for an evidentiary Hearing as some documents might not have been previously entertained. This error is such that Petitioner waived counselor-client priviledge.

Ziglar has met the burden of proof that counsel did not file an appeal for Ziglar. INEFFECTIVE assistance of counsel.


Respectfully submitted,

*/s/ Joe Carroll Ziglar*
Joe Carroll Ziglar

FOR THE ABOVE REASONS, Joe Carroll Ziglar has demonstrated that he is entitled to relief from this Court, and his § 2255 Motion should be granted including an evidentiary hearing.


Submitted

Joe C, Ziglar
#11780-002
Federal Correctional Institution
PMB  1000
Talladega, Alabama  35160

Erin Mullins-Ivins
P.O. Box 3722
Montgomery, AL 36109

To whom it may concern:

I am acquainted with Joe Ziglar. During the year preceding his incarceration, I gave Mr. Ziglar weekly rides to report at the Federal Courthouse. I also took Mr. Ziglar to the Federal Courtroom to change his plea. During these events, I met with Ms. C. Freeman with Mr. Ziglar in a small room. She stated that he could expect to receive prison time in the amount of two to three years. I believed her. I swear under penalty of perjury that I am telling the complete truth.

Sincerely,

Erin M. Ivins

Angelia Mastaantonio
notary

MY COMMISSION EXPIRES JANUARY 10, 2011

## Certificate of Service

I, Joe Carroll Ziglar, have served a TRUE COPY of my response to U.S. Rebuttal of 2255 motion.

As these pleadings were returned to sender on October 15, 2007, an individual set has been sent to

1. Office of the Clerk
2. U.S Attorneys
3. Federal Defenders office

These pleadings are therefore sent under the 'mailbox rule' as I have placed them in prison officials' hands on October 16, 2007

Sincerely,

Joe C. Ziglar

NAME Joe Ziglar
REG. NO. 11780-002
FEDERAL CORRECTIONAL INSTITUTION
PMB 1000
TALLADEGA, AL 35160

LEGAL MAIL

Office of the Clerk
U.S. District Court
P.O. Box 711
Montgomery, Al 36101-0711

BIRMINGHAM AL 352
PM 17 OCT 2007