IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE CARROLL ZIGLAR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | <br><br><br><br><br>Civil Action No. 2:07cv632-MEF<br>(WO) |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 84) addressing (1) whether the petitioner's instant motion constitutes a successive motion under 28 U.S.C. § 2255 and the claims in the motion are successive within the meaning of 28 U.S.C. § 2255; and (2) whether any claims in the petitioner's motion are properly raised under Fed.R.Civ.P. 60(b), and, if so, whether those claims entitle the petitioner to any relief. In its response, the government argues that the petitioner's allegation of fraud against the court – in the form of a conspiracy between the United States Attorney, the probation office, and his own defense counsel – is merely an attempt on the petitioner's part to relitigate the competency issues raised in his initial § 2255 motion, placed before this court at a hearing on the § 2255 motion, and considered by this court in its denial of the petitioner's claims of ineffective assistance of counsel. (Doc. No. 84 at 3-4.) The government further argues that the pleadings and record in this case establish that the petitioner was in possession of his

attorney's notes that he claims demonstrate fraud prior to the hearing on his § 2255 motion and that the notes were actually used by his counsel at that hearing on the § 2255 motion. The government contends that because there was no fraud as alleged by the petitioner, his claims are not properly raised under Rule 60(b) and his motion should be construed as a successive § 2255 motion, which is should be dismissed because the petitioner has failed to obtain the requisite order from the Eleventh Circuit permitting this court to consider the claims within his motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  Accordingly, it is

ORDERED that on or before October 18, 2010, the petitioner may file a reply to the response filed by the government.

Done this 27th day of September, 2010.

      /s/Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE