IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE CARROLL ZIGLAR | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07-cv-632-MEF |
| | ) | |
| UNITED STATES OF AMERICA | ) | (WO- Do Not Publish) |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Petitioner's Motion for Relief From Order Denying Section §2255 Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. # 81); Respondent's Response to Petitioner's Motion (Doc. # 84); and Petitioner's Reply Brief (Doc. # 87). For the reasons stated below, Petitioner's Motion is DENIED.

**FACTUAL AND PROCEDURAL HISTORY**

On September 8, 2005, a federal grand jury returned an indictment charging Ziglar with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ziglar pled guilty to the charge in the indictment on January 27, 2006. On December 18, 2006, the district court sentenced Ziglar as an armed career criminal to the mandatory minimum term of 180 months in prison. *See* 18 U.S.C. § 924(e). Judgment was entered on December 19, 2006. Ziglar did not appeal his sentence.

On July 6, 2007 Ziglar filed a *pro se* 28 U.S.C. § 2255 petition (the "Petition")

1

alleging that his trial counsel was ineffective. (Doc. # 1). Ziglar argued, among other things, that his counsel failed to bring his mental health problems to the Court's attention. *Id.* Habeas counsel was appointed for Ziglar, and on June 24, 2009, the Court held an evidentiary hearing on Ziglar's Petition. On August 18, 2009, the Magistrate Judge entered her Recommendation that Ziglar's Petition should be denied. (Doc. # 52). This Court adopted that Recommendation and overruled Ziglar's Objections. (Doc. # 64). Final Judgment was entered in this case on October 22, 2009. (Doc. # 65).

Ziglar filed this Motion on August 25, 2010. (Doc. # 81). The Government filed a Response on September 24, 2010 (Doc. # 84), and Ziglar filed his Reply on October 7, 2010 (Doc. # 87). In his Motion, Ziglar argues that he is entitled to relief from final judgment based on newly discovered evidence regarding Ziglar's competency at the time of his change of plea hearing. Ziglar argues that this information was known by the Federal Defender representing Ziglar, the Probation Officer ("PO"), and the Assistant United States Attorney (US Attorney), and that in keeping this information from the Court, the Federal Defender, Probation Officer, and United States Attorney perpetrated a fraud on both Ziglar and the Court.

## LEGAL STANDARD

Ziglar has moved this Court for Relief pursuant to Fed. Rule of Civ. P. 60(b)(2), (3), and (6). Rule 60 allows the Court to grant Relief from a Judgment or Order in a very narrow set of circumstances. Rule 60(b)(2) encompasses circumstances in which there is

2

"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." A motion made pursuant to 60(b)(2) is an "extraordinary motion and the requirements of the rule must be strictly met." *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). Rule 60(b)(3) permits relief when "fraud . . .misrepresentation, or misconduct by an opposing party" occurred. Rule 60(b)(6) allows a Judge to set aside an order or judgment based upon "any other reason that justifies relief." Rule 60(b)(6) is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

A Rule 60(b) motion must be filed within a reasonable time after the entry of the judgment or order complained of. Fed. R. Civ. P. 60(b). When a motion for relief is made pursuant to Rule 60(b)(1), (2), or (3), the motion must be made within one year of the entry of the judgment or order.[1] There is no argument that Ziglar's Motion is untimely.

### DISCUSSION

Ziglar argues that he is entitled to relief from final judgment denying his habeas

---

[1] The provisions of 28 U.S.C. § 2255, particularly those regarding the filing of successive petitions, may place further restrictions on a Rule 60(b) motion filed by a habeas petitioner. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 n3 (2005). But because Ziglar's motion does not meet the standard required for relief under Rule 60(b), even without additional restrictions, the Court will not consider the potential limitations created by the habeas statute.

petition on the basis of Rule 60(b)(2), (3), and (6).  Each will be discussed in turn.

   *A. Rule 60(b)(2):*

In order to be entitled to relief under Rule 60(b)(2), a movant must demonstrate that: (1) the evidence was newly discovered since the trial; (2) that the movant was diligent in discovering the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence must be such that a new trial would probably produce a different result. *Waddell*, 329 F.3d at 1309.

Ziglar argues that he has found new evidence, with the help of his habeas counsel, that demonstrates he was incompetent during proceedings in the underlying criminal case. The new evidence is time sheets created by the attorney from the Federal Defenders' Office who represented Ziglar in Ziglar's prosecution for being a felon in possession of a firearm.  However, this new evidence is not material to the determination of whether or not Ziglar received effective assistance of counsel in the underlying criminal case.  The time sheets do indicate that Ziglar's attorney was aware of, and concerned about, Ziglar's potential mental health issues.  (Doc. # 81, Ex. A).  However, demonstrating that your attorney was aware of your mental health status is not determinative of whether or not that attorney provided effective assistance of counsel.  Ziglar, therefore, has failed to satisfy the fourth and fifth prongs of the Rule 60(b)(2) standard set out above.

Furthermore, Mr. Bethel, one of Ziglar's attorneys in the underlying criminal case, indicated in his affidavit filed with the Court on August 1, 2007 that he was aware of

Ziglar's depression and suicidal tendencies during the time he represented Ziglar. (Doc. # 5 ¶ 4). Additionally, Mr. Bethel testified in the evidentiary hearing. Therefore, Ziglar is unable to demonstrate that the evidence he discovered was either new or not cumulative, prongs one and three of the standard set out above.

### B. Rule 60(b)(3):

Ziglar also argues that he is entitled to relief pursuant to Rule 60(b)(3) because the newly discovered time sheets also prove that the Probation Officer ("PO") and Assistant United States Attorney ("US Attorney") assigned to the case were also aware of Ziglar's alleged incompetency. "To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Waddell*, 329 F.3d at 1309. The moving party must also demonstrate that the conduct prevented him from fully presenting his case. *Id.*

Even assuming that the new evidence does demonstrate such a conspiracy between the PO and US Attorney, Ziglar has not indicated how such a conspiracy would have prevented him from presenting evidence regarding his ineffective assistance of counsel claim. Therefore, Ziglar does not meet the standard required for relief under Rule 60(b)(3).

### C. Rule 60(b)(6):

The catch-all provision of Rule 60(b)(6) "applies only to cases that do not fall into

any of the other categories listed in parts (1) - (5) of Rule 60(b)."  *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 n3 (11th Cir. 2008).  Therefore, the Court can consider neither Ziglar's arguments regarding the discovery of new evidence nor regarding the alleged conspiracy between a PO and US Attorney when determining whether Ziglar is entitled to relief under 60(b)(6).  The only other ground for relief Ziglar alleges is that the Court denied his request to continue the June 24, 2009 evidentiary hearing.  Ziglar requested a continuance due to the unavailability of one of his witnesses.  Chief Magistrate Judge Walker denied this request.  According to Ziglar's Reply to his 60(b) Motion  (Doc. # 87), the witness would have testified about Ziglar's mental condition on the day of his plea hearing.  However, Ziglar presents no circumstance that would have prevented him from raising this ground in his Objections to the Magistrate's Recommendation.  *See Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (requiring a 60(b)(6) movant to show circumstances beyond the movant's control that prevented timely action to protect his interests).  Therefore, Ziglar's Motion does not demonstrate the exceptional circumstances required for relief under 60(b)(6) to be granted.

For the foregoing reasons, Ziglar's Motion for Relief is DENIED.

DONE this the 9th day of November, 2010.

                                                       /s/ Mark E. Fuller
                                       CHIEF UNITED STATES DISTRICT JUDGE